# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Astral IP Enterprise Ltd., a Canadian limited company,<br><br>**Plaintiff,**<br><br>v.<br><br>AppLockZ - TrustedApp,<br><br>**Defendant.** | Case No. 1:23-cv-03462<br><br>**COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Astral IP Enterprise Ltd. ("Plaintiff"), by and through its attorneys of record, appears and states by way of the Complaint and alleges the following against Defendant AppLockZ - TrustedApp ("Defendant"), and alleges based on information and belief as follows:

## I. JURISDICTION AND VENUE

1. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights). This action is also brought under the copyright laws of the United States, Copyright Act of 1976, as amended, (17 U.S.C. § 101, et seq.). This action is also brought under the trademark laws of the United States, U.S. Trademark Act of 1946, as amended, (15 U.S.C. § 1051 et seq.), under the copyright laws of the United States, Copyright Act of 1976, as amended, (17 U.S.C. § 101 et seq.), and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

2. The Court has jurisdiction over unregistered foreign copyrights as applicable through the Berne Convention for the Protection of Literary and Artistic Works.

3.  Venue is proper in this action under 28 U.S.C. § 1391 because Defendant does business within the state of Illinois, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction in this District.

4.  Defendant's infringing mobile application is available throughout the United States and is available on the Google Play website. On information and belief, consumers within the Northern District of Illinois have downloaded and have made, and are continuing to make, purchases from Defendant's infringing mobile application. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within Illinois's jurisdiction.

5.  Defendant transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

6.  On information and belief, Defendant is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendant may be sued in any judicial district, including the Northern District of Illinois.

## II.   INTRODUCTION

7.  This action has been filed by Plaintiff to combat an online mobile application developer who is deliberately infringing upon Plaintiff's intellectual property rights by providing a mobile application with in-app purchase capabilities that infringes upon Plaintiff's prior intellectual property rights, including both common law trademark and copyright rights.

8. Plaintiff is the owner of U.S. Trademark Application No. 97793141 for

 , which was first used in connection with its own mobile application on or about February 9, 2023.

9. Plaintiff is also the owner of copyright protection in the artwork used in connection with its mobile application, including but not limited to the mobile application's icon.

10. Defendant created its own mobile application on or about March 7, 2023, originally using the following icon:  .

11. After sending an infringement notice and cease and desist letter, Defendant re-released its infringing mobile application on or about May 8, 2023 and currently uses the following confusingly similar icon:  .

12. Defendant is knowingly continuing its infringing conduct by continuing to use the same overall design and color scheme despite having full knowledge of Plaintiff's prior rights.

13. This Court has jurisdiction over Defendant, in that Defendant has committed acts of common law trademark and copyright infringement in this judicial district, is not a resident of the United States and may be sued in any judicial district, and has substantial and sufficient contacts within this district.

COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT　　　　　　　　　　　　　CASE NO. 1:23-cv-03462

### III.    PARTIES

**Plaintiff**

14.    Plaintiff is a Canadian Limited Company with its principal place of business located at Suite 1510, 800 West Pender Street Vancouver, BC Canada V6C2V6.

15.    Plaintiff is the owner of U.S. Trademark Application No. 97793141 ("Plaintiff's Mark") with a first use date of February 9, 2023, which is available to the public on the Trademark Electronic Search System on the United States Patent and Trademark website.

16.    Plaintiff received copyright protection for its artwork associated with its mobile application when it was created on February 9, 2023. Plaintiff's artwork was publicly available in connection with its mobile application on the Google Play store.

**Defendant**

17.    Defendant is a mobile application developer that has published a mobile application on the Google Play store.

18.    There is no name or other identifying information other than "AppLockZ - TrustedApp" listed on Google Play.

19.    The Defendant's claimed website identified with its mobile application was nothing more than a blank page that says "Hello World" at the top.

20.    The only information for Defendant available is Defendant's email address of support@applockz.com.

21.    At such time as Plaintiff learns the true names, identities, and capacities of Defendant, Plaintiff will amend this Complaint to reflect such names and capacities.

## IV. THE DEFENDANT'S UNLAWFUL CONDUCT

22. Plaintiff designed Plaintiff's Mark in February of 2023 and applied for registration of Plaintiff's Mark for the goods "Downloadable mobile applications for protecting users' private data with PIN (Personal Identification Number) code, pattern lock, fingerprint; Downloadable mobile applications for locking photos, videos, galleries, Apps, contacts, messages by just one click; Downloadable mobile applications for hiding users' private data; Downloadable mobile applications for locking Apps to avoid accidental payment; Downloadable mobile applications for locking photos, videos and Apps by invisible pattern draw path; Downloadable mobile applications for cleaning up App cache, duplicate photos, videos, screenshots; Downloadable mobile applications for catching photos of any intruders that enter an incorrect password; Downloadable mobile applications for detecting and locking newly installed Apps; Downloadable mobile applications for customizing the re-lock time at specified times; Downloadable mobile applications for disguising one App as another App" in International Class 009.

23. Plaintiff uses Plaintiff's Mark in connection with a mobile application on the Google Play store.

24. Plaintiff owns all exclusive rights in the art for the icon for its mobile application, including without limitation the rights to reproduce the copyrighted work, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

25. Defendant created its own mobile application that was released on Google Play on or about March 7, 2023 and seemingly re-released on May 8, 2023, both of which are dates subsequent to Plaintiff's common law rights in its trademark and copyright.

26. Defendant's mobile application originally used the following icon, which is confusingly similar to Plaintiff's Mark and copyrighted work:  .

27. Even after Plaintiff notified Defendant of the infringement, Defendant continues to use the icon that is substantially similar to Plaintiff's Mark and copyrighted work in design, color, connotation, and overall commercial impression.

28. Defendant only created its mobile application after Plaintiff began providing the same type of mobile application and Plaintiff's mobile application had already started to become popular.

29. Defendant's description of its mobile application specifically describes the purpose and function of the mobile application as including a fingerprint unlock function for keeping private information safe and secure as well as intruder photography.

30. Plaintiff's Mark specifically identifies both a fingerprint security system and intruder photography for its downloadable mobile application goods in International Class 009.

31. Both Plaintiff's and Defendant's mobile applications target the same consumers, namely, consumers looking for mobile applications to help better keep their private information on their mobile phones secure.

32. Both Plaintiff's and Defendant's mobile applications are provided through the same channels of trade, namely, the Google Play store.

33. Defendant's infringing icon uses the same green and black color scheme, a substantially similar fingerprint design and circuitry background design, and the same lock design as used by Plaintiff.

34. Defendant had access to Plaintiff's Mark and copyrighted work through the USPTO database and the Google Play store and intentionally incorporated Plaintiff's Mark and copyrighted work in order to financially benefit from Plaintiff's creation.

35. Everything in Defendant's mobile application represents a clear attempt to benefit from Plaintiff's hard-earned popularity and goodwill in a willful and deliberate attempt to try to obtain potential users, and revenue, based off of Plaintiff's.

36. Defendant's exploitation of Plaintiff's Mark and copyrighted work for Defendant's own substantially similar mobile application constitutes infringement of Plaintiff's intellectual property rights.

37. Defendant's infringing acts were willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

### V. COUNT I
### COPYRIGHT INFRINGEMENT
### (17 U.S.C § 501, et seq.)

38. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-37 as if the same was more fully set forth herein.

39. Plaintiff's icon constitutes an original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, et seq.

40. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in Plaintiff's copyrighted work, which has never been assigned, licensed, or otherwise transferred to Defendant in any way.

41. Plaintiff is entitled to protection of its copyrighted works through the Berne Convention for the Protection of Literary and Artistic Works, in which the United States is a signatory, along with many other countries in which Plaintiff's mobile application using the copyrighted work was released.

42. Plaintiff's Registration is published and available to Defendant online through the Google Play store and is found under the same category as Defendant's mobile application. As such, Defendant had clear access to Plaintiff's copyrighted work via the internet.

43. Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced and made derivative works incorporating Plaintiff's copyrighted work. Defendant's unauthorized, reproduced, and derivative works are substantially similar to the copyrighted work used by Plaintiff. Such conduct is a deliberate infringement of Plaintiff's intellectual property rights.

44. Defendant has unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized reproductions that capture and mimic the total concept and feel of Plaintiff's copyrighted work.

45. On information and belief, the Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's intellectual property rights.

46. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive relief through 17 U.S.C. § 502.

47. As a direct and proximate result of its wrongful conduct, Plaintiff has suffered and will continue to suffer actual damages in addition to Defendant profiting and continuing to profit from its wrongful conduct. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

48. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## VI. COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

49. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-37 as if the same was more fully set forth herein.

50. Plaintiff owns the common law rights to Plaintiff's Mark in the United States.

51. Plaintiff's mobile application has received sufficient popularity and consumer recognition that consumers will recognize Plaintiff's Mark as relating exclusively to Plaintiff.

52. Plaintiff directly informed Defendant of Plaintiff's rights and ownership of Plaintiff's Mark. Therefore, Defendant had actual knowledge of the infringement and deliberately, intentionally, and willfully chose to disregard Plaintiff's intellectual property rights.

53. Defendant's use of the confusingly similar icons in connection with identical and highly related goods, namely, mobile applications for keeping private information secure, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendant and as to the origin, sponsorship, or approval of Defendant's goods with Plaintiff.

54. Defendant provides its goods to identical consumers as Plaintiff's goods and uses the identical trade channel of the Google Play store to reach said consumers.

55. Defendant's use of the confusingly similar icons also attempts to confuse and deceive consumers into downloading Defendant's mobile application when the consumers were in fact looking for Plaintiff's mobile application.

56. Defendant is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into downloading Defendant's mobile application, at the expense of Plaintiff.

57. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims;

2. That pursuant to the Court's inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendant from using the following icons, as well as any icons confusingly similar to Plaintiff's Mark:



3. That pursuant to 17 U.S.C. § 502 and the Court's inherent equitable powers, the Court issue a permanent injunction restraining and enjoining Defendant from reproducing, distributing copies of, making derivative works of, or publicly displaying Plaintiff's copyrighted works;

4. That pursuant to 17 U.S.C. § 502 and the Court's inherent equitable powers, Defendant's infringing mobile application be permanently removed from all online platforms and Defendant be permanently restrained from future infringement of Plaintiff's copyrighted work;

5. Entry of an Order that, upon Plaintiff's request, any online platform provided reasonable notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the infringing mobile application and/or remove or delete any such infringing mobile application;

6. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendant's profits, such sums to be proven at trial;

7. That Defendant be ordered to pay all of Plaintiff's attorney fees and costs associated with this action pursuant to 17 U.S.C. § 505.

8. Awarding pre- and post- judgment interest.

9. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated this 1st day of June, 2023

**BAYRAMOGLU LAW OFFICES LLC.**

By: */s/ David Silver*
DAVID SILVER, ESQ.
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052
Tel.: (702) 462-5973
Fax: (702) 553-3404
Attorneys for Plaintiff